# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARK EDWARD HURST,**

    **Petitioner,**

vs.

    Civil Action 2:09-cv-01042
    Judge Holschuh
    Magistrate Judge E. A. Preston Deavers

**WARDEN, MADISON CORRECTIONAL INSTITUTION,**

    **Respondent.**

## OPINION AND ORDER

This matter is before the Court for consideration of Petitioner Mark Edward Hurst's Motion to Compel (Doc. 16). Petitioner seeks an order compelling the Madison Correction Institute to bear the cost of Petitioner's legal copying and mailing. Because Petitioner's *informa pauperis status* does not confer the right to obtain free copies and postage, the Court **DENIES** Petitioner's Motion to Compel.

On December 2, 2009, the Court granted Petitioner's motion for leave to proceed *in forma pauperis.* (Order, Doc. 2). In this Order, the Court ordered that Petitioner "be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid." (*Id*.). Petitioner asserts this language establishes his right to free copying and mailing. Thus, upon denial of free copies and postage, Petitioner filed a motion to compel, seeking an order compelling the Madison Correctional Institute to comply with the Court's December 2, 2009 Order.

The subject language of the Court's December 2, 2009 Order does not establish a right to free copies and postage. Instead, the language is consistent with, but does not extend beyond the dictates of 28 U.S.C. § 1915(a), the code section permitting a court to grant leave to proceed as a pauper. Courts have consistently found that authorization to proceed *in forma pauperis* does not confer a right to free photocopies. *See, e.g., Hollum v. Kent*, 262 F.2d 862, 863 (6th Cir. 1959) (citations omitted) ("The statutory right to proceed *in forma pauperis*, Sec. 1915, Title 28, U.S.Code, does not include the right to obtain photocopies of court orders without payment therefor."); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (holding that *in forma pauperis* status "does not give the litigant a right to have documents copied and returned to him at government expense."); *Whiteside v. Collins*, No. 2:08-CV-875, 2009 WL 4281443, at *7 (S.D. Ohio Nov. 24, 2009) (King, M.J.) (quoting *Fazzini v. Gluch*, 875 F.2d 863, 1989 WL 54125, at *2 (6th Cir. May 23, 1989)) ("The right of access to the courts does not require that prison officials provide free, unlimited access to photocopying machines."). Likewise, an inmate proceeding *in forma pauperis* has no right to free postage. *See, e.g., Bond v. Dunn*, No. 89-6181, 1989 WL 149988, at *1 (6th Cir. Dec.12, 1989) (citation omitted) ("[P]risoners do not have an unlimited right to fee postage in connection with their right of access to the courts."); *Fazzini*, 1989 WL 54125, at *3 ("[T]he Bureau of Prisons can restrict free postage . . . and [the inmate] has not been denied access to the courts by these practices.").

In sum, the December 2, 2009 Order granting Petitioner's motion for leave to proceed *in forma pauperis* did not confer any rights upon Petitioner beyond those set forth 28 U.S.C. § 1915(a). Because Petitioner's *in forma pauperis* status confers no statutory or constitutional right to free photocopies and postage, and because he cannot establish that he has been denied his constitutional right to access the courts, the Court **DENIES** Petitioner's Motion to Compel

(Doc. 16).

**IT IS SO ORDERED.**

April 22, 2010                                         /s/ *Elizabeth A. Preston Deavers*
                                                      Elizabeth A. Preston Deavers
                                                      United States Magistrate Judge