**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MARK HURST,** | |
| **Petitioner,** | **Case No. 2:09CV1042** |
| v. | **JUDGE PETER C. ECONOMUS** |
| **WARDEN, MADISON CORRECTIONAL INSTITUTION,** | **OPINION AND ORDER** |
| **Respondent.** | |

This matter is before the Court for consideration of Petitioner Mark Hurst's ("Hurst") Petition for Writ of Habeas Corpus brought under 28 U.S.C § 2254 ("Petition"). (Doc. # 3.) Respondent Warden of the Madison Correctional Institution filed a response to the petition (Return of Writ, doc. # 13) to which Petitioner filed a reply (doc. #14). After a period of stay, during which time Petitioner exhausted his state remedies, this Court ordered the case to be reinstated on its active docket. (Doc. # 49.) Thereafter, Petitioner filed a Motion for Leave to [Challenge] the "Presumption of Correctness" of the "Opinion and Judgment" of the Court of Appeals for Licking County, Ohio. (Doc. # 42, hereinafter referred to as "Motion for Leave.") Respondent filed a response (doc. # 43), and Petitioner filed a reply (doc. # 46.)

### I. BACKGROUND

The procedural and factual background was set forth in this Court's Order of June 6, 2011. (Doc. # 28.) In that Order, this Court determined that Grounds One through Three were procedurally defaulted and, therefore, waived. Although Petitioner conceded that he had not presented Grounds Four through Nine to the state courts, he argued that ineffective assistance of appellate counsel was the cause of that failure. Finding that Petitioner had not exhausted his claim of ineffective assistance of appellate counsel, this Court stayed and held in abeyance its

finding until Petitioner exhausted his remedies in state court. (Doc. # 39.) Petitioner has now exhausted that claim, as noted in the decisions of the Ohio Fifth District Court of Appeals and the Supreme Court of Ohio. In those decisions, the Ohio courts determined that Petitioner had not set forth sufficient cause and prejudice to overcome his untimely application for delayed appeal. *See State v. Hurst*, Case No. 08-CA-0104, page 4 (Ohio 5th Dist. Ct. App. Sept. 11, 2011) (finding that Petitioner "failed to demonstrate good cause for a delayed filing") and *State v. Hurst*, 2011-Ohio-1764 (S. Ct. Ohio, December 21, 2011). The only issue that remains before this Court is whether the procedural default at state court bars federal habeas review of Petitioner's remaining claims. Under well-established law, it does.

## II. LAW AND ANALYSIS

### A. Procedural Default

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, a district court may only review the claims if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or if he can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with that rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the

> procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

Petitioner concedes that he could have presented his remaining claims in his direct appeal but for the ineffective assistance of appellate counsel. (Doc. # 3.) Upon his return to state court, however, Petitioner failed to clear the procedural hurdle of Ohio App.R. 26(B). That rule requires that such a motion be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." The appeals court denied Petitioner's application, finding that he did not show good cause for filing beyond the ninety days. *State v. Hurst*, Case No. 08-CA-0104, page 4 (Ohio 5th Dist. Ct. App. Sept. 11, 2011). The state appellate court relied on an independent and adequate state procedural ground in over-ruling Petitioner's application to re-open his direct appeal, because the 90-day filing deadline and "good cause" requirement set forth in Ohio R.App. 26(B) are "firmly established" and "regularly followed" when applied in this case. *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002). The Supreme Court of Ohio's later entry declining jurisdiction to hear the appeal is presumed to rely on the same procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991).

Because Petitioner did not comply with Ohio App.R. 26(B) and because that rule is an "independent state ground," Petitioner must demonstrate that (a) there was cause for him not to follow the state procedural rule and (b) that he was prejudiced by the alleged constitutional error. Otherwise, absent a showing of a "fundamental miscarriage of justice," *Coleman*, 501 U.S. at 751, Petitioner's remaining claims are deemed waived and barred from federal review.

Petitioner argues that ineffective assistance of appellate counsel is "cause" for his

procedural default in the direct appeal. Ineffective assistance of counsel may constitute cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, in order to establish cause based on this argument, the ineffective assistance of counsel claim itself must not be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Landrum v. Mitchell*, 625 F.3d 905, 934 (6th Cir. 2010), *cert. denied*, 132 S.Ct. 127 (Oct. 3, 2011). Petitioner did not properly present his claim of ineffective assistance of appellate counsel to the state courts. Instead of filing his Ohio App.R. 26(B) application within the requisite three months, he waited well over two years. Moreover, the reasons Petitioner cited to establish cause for his untimely reopening application were expressly rejected by the appeals court in denying the application and are unavailing to excuse Petitioner's procedural default of the ineffective assistance of appellate counsel. Petitioner's failure to establish cause eliminates this Court's need to consider prejudice. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (citing *Murray v. Carrier*, 477 U.S. 478, 494-95 (1986)).

### B. Miscarriage of justice

Petitioner's alternate path to federal habeas review is to demonstrate that failure to consider his remaining claims will result in a "fundamental miscarriage of justice," or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96. A colorable claim of actual innocence sufficient to excuse a procedural default requires a showing of factual innocence, not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006).

The "actual innocence procedural gateway require[s] new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

4

evidence—that was not presented at trial." *Hasan v. Ishee*, 2011 WL 5596891, 1:03-cv-288 (S.D. Ohio, Nov. 17, 2011, Dlott, C.J.) (quoting *House v. Bell*, 547 U.S. 518 at 537 (1995) (internal quotation marks omitted)). Petitioner offers no such new evidence.

Accordingly, in the absence of a showing of cause for Petitioner's procedural default in the state courts or that a fundamental miscarriage of justice will occur if the defaulted claims are not considered herein, the Court concludes that Petitioner's remaining grounds for relief— Grounds Four through Nine—are procedurally defaulted and, therefore waived. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 847-48 (1999); *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir.1985). This Court determined in its June 6, 2011 Order that Grounds One through Three are procedurally defaulted. As a result, Petitioner's claims are dismissed with prejudice as waived.

### C. Motion to Amend Petition

Because Petitioner has procedurally defaulted his claims, his Motion for Leave to [Challenge] the "Presumption of Correctness" of the "Opinion and Judgment" of the Court of Appeals for Licking County, Ohio (doc. # 42) is denied as moot.

### D. Leave to Appeal

Because reasonable jurists would not disagree, *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), a certificate of appealability should not issue with respect to any of Petitioner's claims— Grounds One through Nine—which this Court has concluded are waived and thus procedurally barred from federal habeas review.

### III. CONCLUSION

As a result of the foregoing, Mark Hurst's Petition for Writ of Habeas Corpus (doc. # 3) is **DENIED and DISMISSED with prejudice.** Petitioner's Motion for Leave to [Challenge] the

"Presumption of Correctness" of the "Opinion and Judgment" of the Court of Appeals for Licking County, Ohio (doc. # 42) is **DENIED as MOOT.**

**IT IS SO ORDERED.**

                                       **/s/ Peter C. Economus**
                                       **PETER C. ECONOMUS**
                                       **UNITED STATES DISTRICT JUDGE**